Anna Hartley, p. a.
vs. No. 2776.
Herbert E. Johnson

March 1, 1934.

POULIOT, J. After a jury had returned a verdict for the plaintiff in the sum of $625, both the plaintiff and the defendant filed motions for a new trial same are now before the Court for decision.

On May 27, 1932, the plaintiff, while on her way home from school, was struck by an automobile truck, owned by the defendant and operated by Kenneth Pearson, which was claimed to have come around a corner at a rapid rate of speed.

In so far as the question of negligence is concerned, the evidence is conflicting. The stories of the occurrence as related by the plaintiff and the defendant are entirely different, and it became the duty of the jury to determine which version it should adopt. There is sufficient credible evidence in the case to support the jury's finding on this point and the Court cannot disturb it.

The defendant has raised the contention that the operator of the truck was not the servant of the defendant. The defendant operates a baking concern, furnishes his employees vehicles to distribute his products and pays them on a commission basis. The person employed to operate this particular truck was Robert H. Pearson, whose son Kenneth frequently helped his father in delivering goods. No compensation was ever paid by the defendant to Kenneth. There is some intimation that the defendant had known of some occasions when Kenneth had driven the truck, but there is positive, unrebutted testimony from the defendant that he had told Kenneth's father not to let Kenneth operate it and that on May 27th, the day of the accident, Kenneth was not driving with his knowledge or consent.

It is true that the jury found specially that Kenneth was in the employ of the defendant, but the Court believes that this was unwarranted by the evidence, which was of the slimmest character as adduced by the plaintiff. At least, the plaintiff is required to prove such employment by a fair preponderance of the evidence and this she failed to do.

The plaintiff's motion is based upon a claim of inadequacy of damages. She suffered severe and painful injuries which incapacitated her for a long time, still suffers pain in the injured parts of her body during stormy weather, has a scar on the chin and a permanent blue discoloration on the upper lip. If she is entitled to recover at all, it seems that her injuries would warrant a higher sum than the one awarded.

For the above reasons, both motions for new trials are granted.